IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKESHIA R. EDMOND,          § | | |
|     Plaintiff,          § | | |
| § | | |
| v.          § | | 3:15-CV-3857-M-BK |
| § | | |
| FAIR COLLECTIONS &          § | | |
| OUTSOURCING, INC.,          § | | |
|     Defendant.          § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case is before the Court on Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 20, and Plaintiff's *Complaint and Demand for Summary Judgment*, Doc. 13, and *Motion to Deny Motion for Dismissal and Motion to Transfer and Request for Summary Judgment*, Doc. 21. For the reasons that follow, Defendant's dismissal motion should be **GRANTED,** and Plaintiff's motions should be **DENIED**.

Since the inception of this case in Arkansas state court in September 2015, Plaintiff has filed three *pro se* complaints. Doc. 2; Doc. 3; Doc. 4. Ultimately, Defendant removed the case to the United States District Court for the Eastern District of Arkansas, which transferred the case to the Northern District of Texas upon Defendant's unopposed motion.[1] Doc. 1; Doc. 15. Defendant now moves to dismiss Plaintiff's complaint. Doc. 20. Plaintiff opposes the motion

---

[1] While transfer of this case should have been to the Fort Worth Division pursuant to the Arkansas district judge's order, Doc. 15, the Court declines to transfer the case in the interest of judicial economy. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

and requests that her case be transferred back to Arkansas and that summary judgment be entered in her favor.  Doc. 13; Doc. 21.

Plaintiff, who describes herself as "Business owner LaKeshia Edmond, who suffers from Schizophrenia[,] a mental illness," asserts in her most recent complaint that Defendant, as well as a law firm that has not been made a party to this suit, "fraudulently abuse[d]" her social security number and harassed her, and she demands an award of $850 billion and "federal charges" being filed against "all parties."  Doc. 4 at 1-2.  Plaintiff's complaint plainly fails to (1) comply with Rule 8(a) of the Federal Rules of Civil Procedure by providing a short and plain statement of the claim showing that she is entitled to relief; or (2) provide facts or law supporting subject matter jurisdiction in this Court.  Accordingly, it is recommended that Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 20, be **GRANTED** to the extent that Plaintiff's complaint be dismissed.  Plaintiff's requests for summary judgment and to transfer her case back to Arkansas should be **DENIED**.

Ordinarily, Plaintiff should be granted leave to amend her complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  As noted above, however, Plaintiff already has filed three complaints.  Her most recent complaint includes only minimal conclusory allegations and lacks factual or legal support.  Indeed, the few facts Plaintiff does posit do not directly implicate Defendant in any legally cognizable wrongdoing.  Based on the dearth of factual enhancement and lack of specific allegations, the Court concludes that Plaintiff already has pleaded her best case.  Allowing Plaintiff to amend her complaint a third time would be futile and cause needless delay.  *Jones v. Greninger*, 188 F.3d

322, 327 (5th Cir. 1999) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."). Accordingly, Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**.

   D. Conclusion

For the reasons set forth above, the Court should **GRANT** Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 20, **DENY** Plaintiff's *Complaint and Demand for Summary Judgment*, Doc. 13, and *Motion to Deny Motion for Dismissal and Motion to Transfer and Request for Summary Judgment*, Doc. 21, and **DISMISS WITH PREJUDICE** Plaintiff's case.

**SO RECOMMENDED** on March 9, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE