IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKESHIA R. EDMOND,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:15-CV-3857-M-BK |
| | § | |
| FAIR COLLECTIONS &<br>OUTSOURCING, INC.,<br>　　　Defendant. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Order of Referral*, Doc. 27, the Court now considers Plaintiff's *Motion to Reopen Case*, Doc. 26. Because Plaintiff's *Motion to Reopen Case* is merely a rehash of her prior arguments and she does not present any newly discovered evidence or legal errors, Plaintiff's motion should be **DENIED**.

Since the inception of this case in Arkansas state court in September 2015, Plaintiff has filed three *pro se* complaints. Doc. 2; Doc. 3; Doc. 4. Ultimately, Defendant removed the case to the United States District Court for the Eastern District of Arkansas, which transferred the case to the Northern District of Texas upon Defendant's unopposed motion. Doc. 1; Doc. 15. In due course, this Court dismissed Plaintiff's complaint with prejudice and denied her requests to transfer her case back to Arkansas and for summary judgment. Doc. 23; Doc. 24.

Plaintiff now moves to reopen her case and have it transferred back to Arkansas. Doc. 26 at 3. Additionally, she requests that the Court name her as the owner of Amli Residential apartments, including $16 billion in assets, and an award of $35 million in damages against Experian for personal and professional defamation of character. Doc. 26 at 4. This is essentially the same relief she sought in her prior pleadings. *Compare* Doc. 13 at 2 *with* Doc. 21 at 2-3 *and* Doc. 26 at 3-4.

As this motion was filed within 28 days of the entry of judgment, the Court construes it as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (holding that post-judgment motions filed within the then-applicable 10-day filing period for Rule 59(e) motions must be construed as filed pursuant to Rule 59(e)). A Rule 59(e) motion "calls into question the correctness of a judgment" and is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). A motion to alter or amend a judgment pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Id.* at 479.

In the case *sub judice*, Plaintiff has wholly failed to meet the requisite standard for relief under Rule 59(e). Because Plaintiff's *Motion to Reopen Case* is merely a rehash of her prior arguments and she does not present any newly discovered evidence or legal errors, her motion should be **DENIED**.

**SO RECOMMENDED** on May 16, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE